## UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **EDWARDO TORRES,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil No. CC-9-73** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **Defendant** | § | |

## ORDER TO REMAND

In this social security appeal brought pursuant to 42 U.S.C. §405(g), Plaintiff Edwardo Torres seeks judicial review of the Commissioner of the Social Security Administration's ("Commissioner") determination that he is not disabled and therefore ineligible to receive supplemental security income benefits. Plaintiff claims is unable to work because he suffers from schizoaffective disorder, other mood disorders, and back pain. The United States Magistrate Judge recommends the Commissioner's determination be vacated and that Plaintiff's case be remanded to same for additional proceedings. She concludes the Commissioner's determination that Plaintiff is not disabled is not supported by substantial evidence because the Administrative Law Judge failed to consult a vocational expert or other vocational evidence on how Plaintiff's mental impairments impacted his ability to do work-related activities. Neither party filed objections.

The Court regards such omission as the parties' agreement with and acceptance of the Magistrate Judge's findings. When no timely objection to the Magistrate Judge's Memorandum and Recommendation is filed, the Court need only satisfy itself that there is no "clear error" on the face

1

of the record in order to accept the Magistrate Judge's recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1420 (5th Cir. 1996)).  The Court finds no clear error in the Magistrate Judge's memorandum and adopts her findings and conclusions.

Accordingly, the Court REMANDS this case to the Commissioner so that vocational evidence can be obtained regarding the occupational base available to Plaintiff.

ORDERED this _15_ day of _____May_____, 2010.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE